# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CROWN ASSET MANAGEMENT LLC,
as successor in interest to Providian Bank,

       Plaintiff and Counter Defendant,

     v.                                     Case No. 10-CV-87

THOMAS DOYLE,

       Defendant and Counter Claimant.

# ORDER

Plaintiff Crown Asset Management LLC ("Crown Asset") brought a small claims collection action for $3,292.94 against defendant Thomas Doyle ("Doyle") in Wisconsin state court. Doyle filed an answer to the action and asserted a counterclaim for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Doyle then removed the action to federal court on February 2, 2010, on the basis of "federal question" jurisdiction. In response, Crown Asset moved to remand the case to Waukesha County Circuit Court based on Doyle's failure to timely and properly file his Notice of Removal. The court will grant Crown Asset's motion to remand, but on an alternate basis.

The court will remand the case because it lacks subject matter jurisdiction over this action. Doyle asserts that the court has "federal question" jurisdiction provided by 28 U.S.C. § 1331 because his FDCPA counterclaim is based upon a federal law. Doyle is correct that § 1331 grants federal courts jurisdiction over "all

civil actions arising under the Constitution, laws, or treaties of the United States."
28 U.S.C. § 1331. However, an action only "arises under" a federal law when the original complaint alleges a claim pursuant to federal law. This is called the "well-pleaded complaint rule" and holds that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a corollary to this rule, the United States Supreme Court holds that federal jurisdiction cannot rest upon a counterclaim. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009). Indeed, even a compulsory counterclaim cannot establish "arising under" jurisdiction. *Id.*

The court lacks subject matter jurisdiction here because no federal claim appears on the face of Crown Asset's small claims complaint and because Doyle's FDCPA counterclaim cannot establish § 1331 jurisdiction. Further, Crown Asset points out that Doyle failed to file a "Notice of Removal" within 30 days of being personally served, as required by 28 U.S.C. § 1446(b). Doyle was served on December 16, 2009, but did not file for removal in this court until February 2, 2010, a period exceeding 30 days. Therefore, even if § 1331 jurisdiction existed here (which it does not), Doyle failed to comply with the removal requirements.

Accordingly,

-2-

**IT IS ORDERED** that the plaintiff's motion to remand (Docket #10) be and the same is hereby **GRANTED** and the case be and the same is hereby **REMANDED** back to the Waukesha County Circuit Court.

The Clerk of the Court is directed to take all appropriate steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 18th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-